**2011-AC03742**

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
### ASSOCIATE DIVISION
### STATE OF MISSOURI

CARRIE BORDEN )
)
       Plaintiff, )    Case Number:
)
vs. )    Division
)
TEK-COLLECT, INC. )
)
Serve at: )
TEK-COLLECT, INC. )
871 PARK STREET )
COLUMBUS, OHIO 43216 )
)
)
       Defendant. )

## COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1.  This is an action for statutory damages, legal fees and costs pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. *Id.*

2.  The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. *Id.*

3.  If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." *Donahue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).



DEFENDANT'S
EXHIBIT

___A___

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

4. Even a single violation of the FDCPA is sufficient to support liability. <u>Taylor v. Perrin, Landry, deLaunay, & Durand,</u> 103 F.3d 1232, 1238 (5th Cir. 1997).

**Jurisdiction**

5. This Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k(d).

**Venue**

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. Plaintiff resides in this Judicial District.

9. Defendant transacts business in this Judicial District.

**Standing**

10. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter. Specifically, Plaintiff suffered a concrete injury to her reputation as a result of Defendant's communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

**PARTIES**

11. Plaintiff CARRIE BORDEN ("Plaintiff") is a natural person.

12. Plaintiff is a "consumer" as that term is defined by § 1692a.

13. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

14. Defendant   Tek-Collect, Inc. ("Defendant"), is organized as an Ohio Corporation. Defendant does or transacts business in Missouri, however  Defendant is not licensed to do business in the State of Missouri.

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

15. Defendant can be served at Tek-Collect, Inc., 871 Park Street, Columbus, Ohio. (Exhibit A, Record from the Ohio Secretary of State).

16. Defendant regularly uses the instrumentalities of interstate commerce or the mail in its principal business purpose of collecting debts.

17. Defendant conducts business in Missouri. In fact, Defendant acts as a debt collector in Missouri.

18. The principal purpose of Defendant's business is debt collection.

19. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

20. Plaintiff incurred an alleged debt that was primarily for personal, family or household purposes as defined by § 1692(a)(5).

21. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and the alleged debt went into default.

22. Defendant was subsequently retained, hired or otherwise assigned the alleged debt for collection.

23. Plaintiff disputes the debt.

24. Plaintiff requests that Defendant cease all further communication on the debt.

25. Prior to June 26, 2019, Defendant had been attempting to collect the alleged debt at issue from Plaintiff.

26. On June 26, 2019, Plaintiff's counsel wrote and sent a letter to Defendant via facsimile. This letter indicated that Plaintiff disputed the alleged debt. (Exhibit B, Plaintiff's Letter).

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

27. On June 26, 2019,  Plaintiff's counsel received a confirmation that the above mentioned facsimile was successfully received by Defendant. (Exhibit C, Fax Confirmation).

28. Communications sent via facsimile are assumed to have been received by the intended recipient if the facsimile confirmation indicates a successful transmission. *See* Laouini v. CLM Freight Lines, Inc., 586 F.3d 473 (7th Cir. 2009) (holding that facsimile confirmation generated by the . . . fax machine was sufficient to create a factual dispute that . . . was received. . . .); Bridgeview Health Care Center Ltd. v. Clark, 2011 WL 4585028, 3 (N.D. Ill 2011) ("Indeed, in the facsimile transmission context, it is commonly understood that 'success' means that 'the two fax machines have performed an electronic "handshake" and that the data has been transmitted from one machine to the other.").

29. Following receipt of Plaintiff's dispute letter, Defendant communicated information regarding the alleged debt to the TransUnion credit reporting agency (hereinafter the "CRA").

30. In September 2019, Defendant once again reported to the CRA information about Plaintiff's account.

31. Defendant communicated, *inter alia*, an account balance, an account number,(XXX4163) and a date reported. (Exhibit D, Excerpt from Plaintiff's September, 2019 TransUnion credit report).

32. Defendant failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to the CRA regarding the alleged debt in August of 2019.

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

33. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g.,* Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

34. Defendant materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

35. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. Saunders v. Branch Banking and Trust Co. of VA, 526 F.3d 142, 146-47 (4th Cir. 2008).

36. Defendant violated the FDCPA by failing to communicate the alleged debt as disputed.

37. 15 U.S.C. § 1692e of the FDCPA provides as follows:

    i.    **False or misleading representations**

    ii.    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    iii.    **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . .**

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

38. Before August, 2019, Defendant knew that Plaintiff had disputed the alleged debt because Plaintiff previously notified Defendant of that dispute by letter on June 26, 2019.

39. Even though Defendant knew or should have known, prior to August, 2019 that Plaintiff disputed owing the alleged debt, Defendant failed thereafter to communicate the fact of Plaintiff's dispute to the CRAs when Defendant communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

40. Defendant should have communicated to the CRAs that the debt was disputed so Plaintiff's credit report would accurately reflect such status.

41. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Duffy v. Landberg, 215 F.3d 871, 874-75 (8th Cir. 2000).

42. Plaintiff's actual damages include but are not limited to, Plaintiff's emotional distress, frustration, missed personal time in order to tend to this matter, vehicle operating costs for driving in order to tend to this matter, and damage to her credit worthiness.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

44. Defendant failed to communicate the fact of Plaintiff's dispute to the CRAs when it communicated other information regarding the alleged debt, a material violation of 15 U.S.C. § 1692e(8), despite having knowledge of Plaintiff's dispute.

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

45. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

    a.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    b.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Leigh M. Kline
Attorney for Plaintiff
Leigh M. Kline #64962
**The Kline Law Firm, LLC**
125 N. Main Street, Suite 100
Saint Charles, MO. 63301
Ph: 636-352-2030
Fax: (636)636-896-4091
leigh@klinelawstl.com

2011-AC03742

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

Exhibit A

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

## Business Inquiry

### Business Details

| | | | |
|---|---|---|---|
| Business Name: | TEK-COLLECT INCORPORATED | Country/State Inc: | Foreign/OH |
| Business ID: | 0851473 | Last Report Filed Year: | 2012 |
| Business Address: | 871 PARK ST, COLUMBUS, OH, 43215 | Business Type: | Stock |
| Mailing Address: | PO BOX 1269, COLUMBUS, OH, 43216 | Business Status: | Active |
| Date Inc/Registration: | Mar 03, 2006 | Name in State of INC: | TEK-COLLECT INCORPORATED |
| Commence Business Date: | Mar 03, 2006 | | |
| Annual Report Due Date: | 03/03/2013 | | |

### Principals Details

| Name/Title | Business Address | Residence Address |
|---|---|---|
| NICOLE SCHULTZ  PRESIDENT | 871 PARK STREET, COLUMBUS, OH, 43215 | 2255 COB FAIR WAY, BLACKLICK, OH, 43004 |
| BARB VARLEY  SECRETARY | 871 PARK STREET, COLUMBUS, OH, 43215 | 1819 SANDALWOOD PLACE, COLUMBUS, OH, 43229 |
| BARB VARLEY  TREASURER | 871 PARK STREET, COLUMBUS, OH, 43215 | 1819 SANDALWOOD PLACE, COLUMBUS, OH |

### Agent Summary

| | |
|---|---|
| Agent Name: | SECRETARY OF THE STATE |
| Agent Business Address: | 30 TRINITY STREET, HARTFORD, CT 06106-0470 |
| Agent Residence Address: | NONE |

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

Exhibit B

FAX COVER SHEET

TO : Tek-Collect      FROM:   Leigh M. Kline

FAX NUMBER : 866-212-3019      DATE:   June 25, 2019

RE: James Borden and Carrie Borden

Please see attached dispute.

Leigh M. Kline

The Kline Law Firm, LLP, 125 North Main Street, Suite 100, St. Charles, MO. 63301

The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you, or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

# K | THE KLINE LAW FIRM, LLC

June 25, 2019

Tek-Collect
**VIA FACSIMILE**
**866-212-3019**

Name:   James Borden & Carrie Borden
Address:   2217 Campus Drive, St. Charles, MO. 63301
Social Security: XXX-XX-███ : XXX-XX-███

Dear Sir or Madam:

Please be advised that the consumer debtor/client(s) referenced above has retained the Services of The Kline Law firm LLC to assist in the matter of debt relief.  The purpose of this letter is to provide you with written notice that our client(s) is in fact and in law represented by my office **for all the debts that he/she may have**.  As a result of this notice, and pursuant to Section 1692(b)(5) of title 15 of the United States Code and Section Statutes. you are to immediately terminate any further direct or indirect contacts with our client.  Please note that prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, e-mail or any other means. This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.

Upon receipt of this letter, any further direct or indirect contacts with our client will result in our office filing a claim against you pursuant to applicable state and/or federal laws.

**Please be advised that my client disputes the debt(s) upon which you are attempting to collect.**

Please direct **all** future communications to this office.  Thank you for your time and attention.

Sincerely,

/s/Leigh M. Kline
Leigh M. Kline
Attorney at Law

---

Main Office
125 North Main Street
Suite 100
St. Charles, MO 63301          Phone: 636-352-2030

Satellite Office (by appt. only)
5102 Hampton Avenue
St. Louis, MO 63109                    Fax: 636-896-4091

Satellite Office (by appt. only)
1281 Graham Road
Suite 301
St. Louis, MO 63031

2011-AC03742

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

Exhibit C

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

TRANSMISSION VERIFICATION REPORT

```
                            TIME  :  06/26/2019 12:50PM
                            NAME  :  LEIGH KLINE
                            FAX   :  3154582257
                            TEL   :  3154582257
                            SER.# :  U64988C8N750571
```

```
    DATE,TIME              06/26  12:49PM
    FAX NO./NAME           18662123019
    DURATION               00:00:51
    PAGE(S)                02
    RESULT                 OK
    MODE                   STANDARD
```

**2011-AC03742**

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

Exhibit D

Electronically Filed - St Charles Circuit Div - July 31, 2020 - 10:51 AM

# Bankruptcy Credit Report   Premium

*Prepared for The Meal Law Firm LLC*

Report Type: Bond Premium BCR          Report Number: LA9348           Client Code: Save          Reported Date:

**Name:** Carrie Borden

**SSN:** XXX-XX-████

**Address:** 4217 Campus Drive

Saint Charles, MO 63301

This Premium Bankruptcy Credit Report consists of a non-standard bank.

| Account Details | Balance Details | Account Details | Payment Details | Billing/Creditor Contact | Initially Reported Details | Verified Info |
|---|---|---|---|---|---|---|
| **Name:** Tek-collect Inc | **Current:** $1,070 | **Date Opened:** 02/2017 | **Monthly:** $0 | TekCollect Inc | Box 1269 | |
| **Type:** Individual / Applicant | **High Credit:** $1,070 | **Last Reported:** 08/12/2019 | **Past Due:** $1,070 | Attn: Bankruptcy | Columbus OH 43216 | |
| **Account:** ████ | | **Last Activity:** NA | **Pay History:** 90-9-999--9 | PO Box 1269 | 614-936-7800 | |
| **Status:** Open Collection | | | | Columbus, OH 43216 | | |
| **Terms:** 1 Month | | | | 866-052-6900 | | |
| Open Collection Attorney | | | | **Verified:** 03/2019 | | |
| **Original Creditor:** LINCOLN COUNTY AMBULANCE DISTR | | | | | | |